IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Moises M. Ramirez, | Case No. 3:14 CV 168 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Kevin Jones, Warden, | |
| Respondent. | |

## INTRODUCTION

*Pro se* Petitioner Moises Ramirez filed this action for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is in state custody at the Allen Correctional Institution where Kevin Jones is the Warden. Petitioner does not specify the grounds he wishes to assert nor does he specify the relief he seeks. Rather, he refers this Court to 87 pages of exhibits as the basis for his Petition. For the reasons set forth below, the Petition is denied.

Petitioner also filed an Application to Proceed *In Forma Pauperis* (Doc. 2). That Application is granted.

## BACKGROUND

Petitioner challenges his 1994 conviction in the Defiance County Court of Common Pleas for one count of rape, five counts of felonious sexual penetration, seven counts of gross sexual imposition, and one count of sexual imposition. He was sentenced to 18–52 years in prison. He exhausted his state court appeals in 1999.

Thereafter, Petitioner filed two Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Both Petitions were filed in the United States District Court for the Northern District of Ohio. His first Petition, *Ramirez v. Bagley*, No. 3:00 CV 7667 (N.D. Ohio filed Oct. 25, 2000), was denied on the merits on May 18, 2001. His second Petition, *Ramirez v. Houk*, No. 3:03 CV 7514 (N.D. Ohio filed Sept. 2, 2003), was transferred to the Sixth Circuit Court of Appeals as a successive petition. The Sixth Circuit declined authorization for a successive petition and dismissed the case on August 9, 2004.

Petitioner has now filed his third Petition for a Writ of Habeas Corpus. The Petition, however, does not specify any grounds for relief. Next to each ground on the form, Petitioner states "see attachments." The attachments consist of a compilation of his state court appeals and their respective decisions, along with the briefs he submitted and their attachments. The entire exhibit is 87 pages. One of the documents states that it contains Assignments of Error; but that document was previously submitted to one or more of the state appellate courts. Petitioner failed to identify the claims he asserts in this Petition.

## STANDARD OF REVIEW

A federal court may entertain a habeas petition filed by a person in state custody only on the ground his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If so, the petition must be dismissed. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section

2243). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

## DISCUSSION

Petitioner previously filed two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1994 conviction. Before a successive petition for a writ of habeas corpus can be filed, Petitioner must request authorization from the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive petition in the absence of an order from the court of appeals authorizing the filing of that petition. *Nelson v. United States*, 115 F.3d 136 (2d Cir.1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997). If a petitioner files a successive petition in the district court without first seeking approval from the court of appeals, the district court must transfer the petition to the court of appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This Court is without jurisdiction to entertain a successive Section 2254 petition unless authorized by the Sixth Circuit.

This Court must first determine whether this Petition is a third attempt to challenge Petitioner's 1994 state court conviction, or whether Petitioner is challenging some other aspect of his continued incarceration. Unfortunately, Petitioner did not specify the grounds for this Petition. Perhaps he hoped this Court would delve through all his state court filings and construct grounds for his Petition with the greatest potential for success? But that is not the role of this Court. This Court's role is to adjudicate disputes, not create or advocate claims for the parties. Because Petitioner did not specify grounds for relief in the Petition, this Court cannot determine whether the Petition is

successive, or whether he is challenging some other aspect of his continued incarceration. Consequently, the Petition is dismissed.

## CONCLUSION

For the forgoing reasons, Petitioner's Application to Proceed *In Forma Pauperis* is granted and the Petition is denied. Further, this Court certifies that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Federal Appellate Rule 22(b). Because the Petition has been denied, Petitioner's Motion for Appointment of Counsel (Doc. 3), his Motion for Extension of Time from the One Year Period (Doc. 4), and his Motion for Summary Judgment (Doc. 6) are denied as moot.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 8, 2014